# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

**UNITED STATES OF AMERICA,**

       Plaintiff,

vs.

       **Case No: 15-3094-01-CR-SW-SRB**

**CHRISTOPHER L. JOHNSON,**

       Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Tammy Dickinson, United States Attorney for the Western District of Missouri, and undersigned counsel respectfully submits this response to defendant's sentencing memorandum in the above-captioned matter, set for a sentencing hearing on September 19, 2016. For the reasons set forth below, under the factors set out in 18 U.S.C. § 3553(a), the Government respectfully recommends that this Court sentence the defendant to a term of imprisonment within the Guideline range of 292-365 months followed, by a term of lifetime supervised release.

### I. BACKGROUND

On September 30, 2015, the grand jury returned a two-count indictment charging the defendant with two counts of coercion and exploitation of a minor in violation of 18 U.S.C. § 2422(b). (Doc. 13). On June 28, 2016, the defendant pleaded guilty before the Honorable David P. Rush, United States Magistrate Judge, to Counts 1 and 2 of the Indictment, pursuant to a plea agreement. (Doc. 32, 33.) On July 18, 2016, this Court accepted the defendant's pleas of guilty. (Doc. 37.) On August 16, 2016, the final presentence investigation report (PSR) was filed. (Doc. 38.)

The defendant has raised two objections, however, neither objection would result in a different base offense level.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)*,* "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596, 169 L. Ed. 2d 445 (2007); (citing *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Once a correctly calculated guideline range is determined, the court should afford both parties an opportunity to argue "for whatever sentence they deem appropriate," and "should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quoting *Gall*, 552 U.S. at 596.) In making this determination, the district court should not presume the Guidelines are reasonable, but assess each case upon the facts presented. *Id*. (citing *Gall*, 552 U.S. at 596.) "If the court concludes that a sentence outside of the Guidelines range is warranted, then it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.' " *Id*. (quoting *Gall*, 552 U.S. at 596.)

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

The final PSR, filed on August 16, 2016, found an offense level of 40, a statutory mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life, a guideline imprisonment range of 292 to 365 months, and a statutory and guideline supervised release term of at least 5 years to life. (PSR 11, ¶¶ 77, 78, 80, and 82.)

2

### B. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

The nature and circumstances of these offenses are detailed in PSR Paragraphs 4 to 21. The heart of this case involved a man who engaged in sexual intercourse with not one minor victim, but two minor victims, Jane Doe 1, who was sixteen years of age, and Jane Doe 2, who was thirteen years of age. The defendant not only engaged in hands on offenses with both victims, he also asked Jane Doe 2 to take sexually explicit photographs of herself to send to him. (PSR 4-5, ¶¶ 6, 10, 11, and 15.) This defendant had absolutely no regard for the repercussions or consequences of his actions. On August 13, 2013, when Jane Doe 2, who was thirteen years' old, told the defendant she is not pregnant, he replied, "ru sure…I don't know about the other night," and then immediately asks Jane Doe 2 to "send [him] a pic of [his] sexy girl." (PSR 4, ¶ 6.) When confronted with possibility of impregnating an 8th grader, the defendant continued in his sexual relationship with Jane Doe 2. Even after the investigation with Jane Doe 2 began in June of 2014, the defendant did not cease his behavior, but instead moved onto Jane Doe 1. (PSR 3-4 ¶ 4, 12.)

The Government, in negotiating a plea deal, agreed not to charge this defendant with the two additional counts of sexual exploitation, as well as the receipt of child pornography. Consequently, this defendant has already been given a break. The Government believes a within Guidelines sentence would adequately address the nature and circumstance of these offense.

#### 2. History and Characteristics of the Defendant

In fashioning a "sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required,to consider the history and characteristics of the defendant.' " *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009), (quoting *United*

*States v. White*, 506 F.3d 635, 644 (8th Cir.2007) (internal quotations omitted.). Consequentially, "factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure." *Id*. at 830-31. (citing *United States v. Ryder*, 414 F.3d 908, 920 (8th Cir.2005).

The defendant is a 38-year-old male who has no criminal history and as such is a criminal history category of I.  (PSR 7, ¶ 51.)  However, a lack of criminal history in child pornography cases is common and does not set him apart from others convicted of similar crimes.  See *United States v. Schupp*, 488 Fed. Appx. 170, 172 (8th Cir. 2012) (While the defendant did not have a criminal history, the district court observed that this was true of most child pornography defendants, and a downward variance would violate § 3553(a)(6)'s admonishment that defendants with similar records should receive similar sentences.)

The defendant reported he is in good physical condition.  (PSR 10, ¶ 67.)  The defendant reported being depressed while he and his wife were going through their marital problems, but that he has no substance abuse dependency issues.  (PSR 10, ¶¶ 68, 69.)  The defendant was employed as a MediaCom technician and reported having a stable work history.  (PSR 11, ¶¶ 72, 73.)  The defendant also described his upbringing as normal with no abuse or neglect.  (PSR 9, ¶ 62.)

On the surface, the defendant's history and characteristics appear to project him as a productive citizen in our community.  However, this is not a case where one can simply hope it was an aberration from an otherwise solid, crime free life, and expect that the defendant will be able to re-enter the community successfully.  Although these factors may justify a variance in many cases, it also demonstrates that this defendant had nothing to lead him down this path but himself.  While having a sexual relationship with Jane Doe 1, the defendant was also engaged in

a relationship with J.H. (an adult) that resulted in the defendant's third child. (PSR 10-11, ¶ 65.) Once again, this is another illustration of the defendant's disregard for the consequences of his actions. A within Guidelines sentence would be appropriate given the defendant's history and circumstance.

### 3. Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Based on the defendant's history and actions, a within Guidelines sentence would reflect the seriousness of the offense, promote respect for the law, and provide punishment that is sufficient, but not greater than necessary.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A within Guidelines sentence would provide a deterrent to this defendant and those who wish to sexually exploit children in our community while sending a message to others that the sexual exploitation of children will not be tolerated.

### 5. Need to Protect the Public from Further Crimes of the Defendant

"Adequate protection is a function of two variables: the level of risk that conduct will occur and the level of harm that will be inflicted if that conduct does occur." *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir.2010) (citing *United States v. Boyd*, 475 F.3d 875, 877–78 (7th Cir.2007)). A within Guidelines sentence would protect the public from future crimes of this defendant. Based upon the defendant's history and characteristics, it is clear that society is in want of protection from this defendant.

### 6. Need to Provide the Defendant with Needed Educational or vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner

"When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault…[s]tates thus have a vital

5

interest in rehabilitating convicted sex offenders. Therapists and correctional officers widely agree that clinical rehabilitative programs can enable sex offenders to manage their impulses and in this way reduce recidivism." *McKune v. Lile*, 536 U.S. 24, 33, 122 S. Ct. 2017, 2024, 153 L. Ed. 2d 47 (2002) (internal citations omitted.) A within Guidelines sentence is likely to afford the defendant the necessary treatment, including sex offender treatment, that he requires and may also provide him with educational opportunities to improve his employability.

### 7. Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

A Guideline sentence would avoid unwarranted sentence disparity with those who have similar criminal history and similar conduct.

The defendant in this case is not similarly situated to many defendants who are convicted of attempted enticement and coercion, where there is not an actual minor, but rather an undercover officer. In this case, the defendant victimized two minor children. The defendant engaged in sexual intercourse with both victims, and he had at least one minor produce child pornographic images to send to him. A review of other cases from the Eighth Circuit demonstrates that a sentence of 292-360 months is within the range of sentences that have been received by defendants who are similarly situated in terms of similar conduct. See *United States v. Appleby*, 595 Fed. Appx. 648 (8th Cir. 2014) (Appleby pleaded guilty to one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), where he exchanged pictures with and engaged in sexual contact with a fourteen and fifteen-year-old victim, and the district court sentenced Appleby to 480 months' imprisonment.)

## IV. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, the need to avoid unwarranted disparity in sentences, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests this Court impose a within Guidelines sentence to be followed by a term of lifetime supervised release. Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney


*/s/ Ami Harshad Miller*_____
Ami Harshad Miller
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406


## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of September, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Ami Harshad Miller*_____
Ami Harshad Miller